Corle's Case.

In the matter of the account of CALVIN CORLE, executor of Peter W. Young, deceased.

[Filed April 18th, 1901.]

1. A testator gave to his executor in trust $1,000, the interest thereof, less the taxes, to be applied to keeping his burial plot in C. graveyard in good order, and any surplus remaining, to be used to repair fences around the graveyard.—*Held*, void as an attempt to create a perpetuity, being neither a charitable bequest nor a gift to a cemetery association within *Gen. Stat. p. 351 § 14*, empowering incorporated domestic companies or associations to take and hold property given in trust, and to apply the income thereof for the improvement, repair and embellishment of such cemetery.

2. Where an executor's final accounting was delayed by litigation, and he derived no benefit from the retention·of money held for the payment of a legacy subsequently declared invalid, meanwhile making all requested advances to exceptant, he is not chargeable with interest for failure to invest such money pending final settlement.

On exception to account of executor.

*Mr. William J. Backes,* for the respondent.

*Mr. Alvah A. Clark,* for the executor.

REED, V. C.

Peter W. Young died March 8th, 1887, leaving a will, of which he made Calvin Corle his executor, and by which he gave his estate to his widow for her life, and, after her death, gave the remainder of his personal property, after paying debts and certain legacies, to Lydia Y. Monkhouse. The widow died February 26th, 1888. On May 15th the executor filed a bill for the construction of certain parts of the will. He filed a partial account November 18th, 1890, to which exceptions were filed. All of these exceptions but one were adjusted, and on September 18th, 1892, he was permitted to amend his bill·by asking that the account should be settled in this court. On October 20th, 1896, an order was entered directing the executor to file his

account here.   On November 18th, 1896, he filed his final account.   In it he prays allowance for $1,000 on account of a legacy to Cloverhill Church.   To this an exception was filed. A second exception was filed because he had not charged himself with interest upon this $1,000.

The allowance for the amount of this legacy was irregularly claimed in the account.   It should have been claimed when the order for distribution came to be made.   But a desire to get the opinion of the court upon the validity of the legacy, and as no objection was taken upon this ground, I will proceed to express my views upon the application and right of an executor to pay this interest.

The language in which this legacy is given is this:

"I give to my surviving executor in trust $1,000, to be invested on bond and mortgage, the interest thereof, less the taxes, to be applied for keeping my burial plot in the graveyard at Cloverhill Church in good order. But, if in the judgment of my executors it did not require all the interest, less the taxes, to keep it in good order, then whatever may be remaining to be used towards keeping in repair the fences around the said graveyard."

This legacy, unless saved by the act of 1878 (*Gen. Stat. p. 351 § 14*), is void, as an attempt to create a perpetuity.   *Detwiller* v. *Hartman, 10 Stew. Eq. 347; Hartson* v. *Elden, 5 Dick. Ch. Rep. 522; Moore's Executors* v. *Moore, 5 Dick. Ch. Rep. 554.* Nor can I see how the direction to keep up the fences around the graveyard can be regarded as a charitable bequest.   In *Hartson* v. *Elden, supra,* the remainder of the interest of $5,000 was to be used in the general improvement of the cemetery; yet the whole bequest was held to be void.   The question therefore arises whether the trust is validated by the act of 1878.   This act empowers any incorporated domestic cemetery company or association of this state to take and hold property given or bequeathed in trust, to apply the income thereof, under the direction of the trustees and managers of such association, for the improvement and embellishment of such cemetery, or the erection or preservation of any buildings, structures, fences, walks, erected or to be erected upon the lands of such cemetery association, or for the repair, preservation, erection or renewal

of any tomb, monument, gravestone, fence railing or other erection in or around any cemetery lot or plot, &c.

The gift in the will in question is to the executor, and not to the cemetery association.

By the express direction of the advisor, the executor, and not the association, are to hold the legacy in trust. By the same expressed testamentary direction, the interest is to be spent under the direction of the executor, and thus any control or direction of the trustees or managers of the association is excluded.

I am constrained to the conclusion that the bequest is not saved by the terms of this statute.

In respect to the interest upon this amount, the exceptant does not stand in the same attitude as the beneficiaries of the legacy would have stood had the bequest been valid.

She insists that this amount was a part of the *residuum,* and the executor's duty must be measured by what he failed to do if this were a part of the residuary estate.

He received no personal benefit from it, for he swears that neither by the reception of interest or by using it in his business was he bettered by it.

The accounting was delayed by litigation. The last outstanding interest-bearing mortgage was collected in by the advice of exceptant's own lawyer.

Money was advanced to exceptant as she called for it. I do not think that he should be visited with an imposition of interest for a failure to invest pending the final settlement.

The first exception is sustained and the second disallowed, without costs.